UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-4149 FMO (JPRx)** | Date | **June 9, 2015** |
|---|---|---|---|
| Title | **Committee to Protect Our Agricultural Water, et al. v. Occidental Oil and Gas Corporation, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Vanessa Figueroa | None | | None |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): | |
| None Present | | None Present | |

**Proceedings:**   (In Chambers) Order to Show Cause Re: Venue

On June 3, 2015, Committee to Protect Our Agricultural Water and Mike Hopkins ("plaintiffs") filed a Complaint ("Complaint") in this court against Occidental Oil and Gas Corporation ("Occidental"), Western States Petroleum Association ("WSPA"); California Independent Petroleum Association ("CIPA"); Chevron, U.S.A., Inc. ("Chevron"); California Division of Oil, Gas, & Geothermal Resources ("DOGGR"); Edmund G. Brown ("Governor Brown"); Timothy R. Kustic ("Mr. Kustic"); March Nechodom ("Mr. Nechodom"); and Lorelei H. Oviatt ("Ms. Oviatt") (collectively, "defendants").  Subject matter jurisdiction is based on federal question jurisdiction, as plaintiff asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962 et seq. & 1964 and The Civil Rights Act of 1871, 42 U.S.C. § 1983.  (See Complaint at ¶¶ 217-240)

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

According to plaintiffs' complaint, Occidental formerly resided in Los Angeles (see Complaint at ¶ 63), WSPA and CIPA reside in Sacramento (see id. at ¶¶ 64-65), and Chevron resides in San Ramon (see id. at ¶ 66).  Plaintiffs do not allege the residences of DOGGR, Governor Brown, Mr. Nechodom, Mr. Kustic, or Ms. Oviatt.  (See, generally, id.).  Accordingly, IT IS ORDERED that:

1. No later than **June 16, 2015**, plaintiffs shall file a First Amended Complaint setting forth the citizenship and residence of defendants DOGGR, Governor Brown, Mr. Nechodom, Mr. Kustic and Ms. Oviatt and all other defendants named in the First Amended Complaint.  Failure to file the First Amended Complaint by the deadline referenced above shall be deemed as consent to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-4149 FMO (JPRx)** | Date | **June 9, 2015** |
|---|---|---|---|
| Title | **Committee to Protect Our Agricultural Water, et al. v. Occidental Oil and Gas Corporation, et al.** | | |

transfer of the action to the Eastern District of California.

    2. A copy of all papers filed with the court shall be delivered to the drop box outside chambers at Suite 520, Spring Street Courthouse, 312 North Spring Street, **no later than 12:00 noon the following business day**. All chambers copies shall comply fully with the document formatting requirements of Local Rule 11-3, including the "backing" requirements of Local Rule 11-3.5. Counsel may be subject to sanctions for failure to deliver a mandatory chambers copy in full compliance with this Order and Local Rule 11-3.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |